## ELLIS et v. BENN & CO. et.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 786. Decided Sept. 9, 1927.

First Publication ——— Oct. 4.

### Syllabus by Editorial Staff.

54. AGENCY—557. Fraud and Deceit—225. Charge of Court.

1. Where evidence shows double agency, proper for court to charge in respect thereto. Improper to apply rule of agency which would apply where third party was injured by some transaction conducted by agent for his principal. Fact that agent represented both parties would call upon him for higher degree of care and honesty in his representations.

2. Where evidence shows that papers evidencing exchange of real estate, were signed by party who was in sickbed, who could not read them on account of darkness, and that flashlight was used to indicate line upon which she was to sign, party so signing has right to rely upon representations of agent, and is not bound to read such papers.

### Error to Common Pleas.

### Judgment reversed.

Jos. W. Sharts, Dayton, for Ellis et.
J. C. Fullerton, Troy, for Benn & Co.

### STATEMENT OF FACTS.

The plaintiffs in error were also plaintiffs below. They brought suit against M. S. Benn & Co., Walter Sears and Roy C. Stanley to recover damages for fraudulent misrepresentations in certain exchanges of real estate. Two exchanges of real estate are set forth in the

petition. The first related to an exchange of property at 209 Notre Dame Ave., Dayton. Ohio, by plaintiff, for property located at 339 No. 3rd St., Tippecanoe City, Miami County. This exchange was followed by one of the Tippecanoe property for a property located on the Dixie Highway just south of Troy. Stanley is charged with certain misrepresentations as to the Tippecanoe property, and it is averred that, later on, in order to adjust the controversy as to said exchange, Stanley brought about the exchange for the Troy property.

On the first trial, Benn & Co. and Sears were released, and the verdict was against Stanley and in favor of the plaintiffs.

Stanley filed a motion for a new trial, which was granted. Upon the second trial, Benn & Co. and Sears were again released, and the case proceeded as to Stanley. A verdict was returned in Stanley's favor. Plaintiffs filed a motion for a new trial, which was overruled. Final judgment having been rendered, the plaintiffs prosecute error.

BY THE COURT.

"The trial court charged the jury as follows:

"If you find, members of the jury, that Mr. Stanley was agent for both parties in the transaction involving the exchange of the Tippecanoe City and Troy properties, then your labors are at an end, because whatever Mr. Stanley did and said in that connection he did and said with the authority of the parties, acting as if he was their agent and connected with them, he is acting as their agent and his representations were theirs, and they cannot complain about it."

The question of double agency was not raised in the pleadings, but would arise out of the evidence. It was, therefore, proper for the court to charge in respect thereto, but we think that the charge actually given is incorrect. The learned trial judge applied the rule, of agency, which would apply where a third party was injured by some transaction conducted by the agent for his principal. We think that rule would not apply in the present case as between the agent and his principal where the agent is sued for misrepresentation. The fact that Stanley may have represented both the plaintiffs and Honeyman would call upon Stanley for a higher degree of care and honesty in his representations than if Stanley and the plaintiffs had been dealing at arm's length. The fact that Stanley represented the plaintiffs in the transaction would not be a defense for fraudulent misrepresentations on Stanley's part. We think this charge was not only erroneous, but prejudicial.

The court also gave the following charge:

"The Ellises said they did not read the deeds or mortgages or notes. Members of the jury, that is no excuse," etc.

We think this charge was erroneous, under the circumstances of the instant case.

Mrs. Benn testified that when the papers evidencing the second exchange were executed, she was sick in bed, that she did not read the papers and could not read them on account of the darkness, and that a flashlight was used to indicate the line upon which she should sign. She relied, according to her testimony, entirely upon the representations of Mr. Stanley as to what the papers contained. This charge practically eliminates the alleged misrepresentations of Stanley as to the contents of the deed, and, therefore, ignored the testimony of the plaintiffs. While it is true that a party, claiming to have been defrauded, must use diligence in discovering the truth or falsity of representations where the facts are equally open to both parties, here, according to the testimony of Mr. Benn, the facts were not equally open to both parties. If Stanley made the misrepresentations as to the contents of the instruments, as contended by plaintiffs, it would be a question for the jury to determine, under all the circumstances, whether she was negligent in relying upon the representations of Stanley and in not reading the entire instrument. We think the court erred in deciding that question under this charge, as a matter of law.

For the errors of the trial court in giving the two charges above quoted, we think the judgment must be reversed and a new trial granted."

(Ferneding, Kunkle and Allread, JJ., concur.)